UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

No 07-CV-0596 (JFB) (AKT)
_____

PRECIOUS STEPHENS,

Plaintiff,

VERSUS

BAYVIEW NURSING AND REHABILITATION CENTER AND 1199 SEIU UNITED
HEALTHCARE WORKERS EAST,

Defendants.

_____

MEMORANDUM AND ORDER
March 17, 2008
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff *pro se* Precious Stephens ("plaintiff" or "Stephens") brought this action on January 19, 2007 against defendants Bayview Nursing and Rehabilitation Center ("Bayview") and 1199 SEIU United Healthcare Workers East ("the Union") (collectively, "defendants"). Plaintiff worked as a Certified Nursing Assistant at Bayview until her termination on June 29, 2006, and was a member of the Union during her tenure there. The complaint alleges that (1) the Union breached its duty of fair representation by failing to arbitrate plaintiff's grievance of her termination and by failing to enforce the terms of a Settlement Agreement among the Union, Bayview, and Stephens executed in connection with this termination (the "Settlement Agreement"); and (2) Bayview breached both its collective bargaining agreement with the Union and the Settlement Agreement by failing to honor two provisions of the Settlement Agreement.

Defendants now move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), but ask the Court to convert their motions to motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. In support of summary judgment, defendants have produced declarations of various parties and substantial documentary evidence for the Court's consideration. For the reasons set forth below, however, the Court declines at this juncture to convert defendants' motions into motions for summary judgment. The

Court will therefore decide the instant motions based solely on plaintiff's complaint and the documents appended thereto, pursuant to the strictures of Rule 12. As set forth below, upon careful consideration of these limited documents, the Court denies defendants' motions to dismiss the complaint.

I. THE COMPLAINT

The following facts are taken from the complaint and the exhibits attached thereto, and are not findings of fact by the court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

According to the complaint and the attached exhibits, Bayview employed Stephens as a nursing assistant. She was terminated on June 27, 2006. According to plaintiff, on June 29, 2006, she asked her union representative to arbitrate the termination, but the union representative refused. Plaintiff then entered into a Settlement Agreement with Bayview and the Union that stated:

> 1. The employer agrees to accept a letter of resignation from Precious Stephens
> 2. The employer agrees not to actively fight an unemployment application by Precious Stephens.
> 3. The employer agrees to remove the grievant [sic] termination from the employee file.
> 4. The employer agrees to give a "neutral letter of reference" only to disclose only [sic] dates of employment, position held and salary at time of separation.
> 5. Ms. Stephens acknowledges that she has read and understands the terms of this agreement and that she signs it of her own free will and that the Union has fully and fairly represented her in this matter.

(*See* Settlement Agreement, dated June 29, 2006.)

The complaint further alleges that Stephens was subsequently denied unemployment benefits. She appealed the denial, and participated in a hearing before the Unemployment Insurance Appeal Board. A representative of Bayview appeared at the hearing and argued against plaintiff's receipt of unemployment benefits. Further, when the administrative law judge presiding over the hearing ruled in plaintiff's favor, the Bayview representative appealed this decision. Plaintiff asked her union representative to file a grievance on the basis that Bayview's opposition to plaintiff's unemployment benefits violated the Settlement Agreement. The union representative refused.

In addition, the complaint alleges that when plaintiff attempted to seek new employment, Bayview sent a reference letter to the potential employer stating that Stephens had been terminated. Plaintiff again asked her union representative to file a grievance on the basis that Bayview's actions violated the Settlement Agreement, but the union representative again refused.

II. PROCEDURAL HISTORY

Plaintiff filed this action in state court on January 19, 2007, and defendants removed it to this Court on February 12, 2007.

Defendants filed the instant motions on August 27, 2007. Plaintiff responded on October 1, 2007. Bayview and the Union submitted replies on October 10, 2007 and October 11, 2007, respectively. The Court held oral argument on March 14, 2008.

III. DISCUSSION

A. Legal Standards

(1) Conversion

"'When matters outside the pleadings are presented in support of, or in opposition to a [Fed. R. Civ. P.] 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under [Fed. R. Civ. P.] 56 and afford all parties the opportunity to present supporting material.'" *Mastykarz v. Niagara Mohawk Power Corp.*, No. 06-CV-0641E, 2007 U.S. Dist. LEXIS 23196, at *6-*7 (W.D.N.Y. Mar. 23, 2007) (quoting *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000)). "Federal courts have 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings' offered in conjunction with a Rule 12(b)(6) motion, and thus complete discretion in determining whether to convert the motion to one for summary judgment; 'this discretion generally will be exercised on the basis of the district court's determination of whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action.'" *Carione v. United States*, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, Civil § 1366 (3d ed. 2004)); *see also Lozano v. Peace*, No. 05-0174, 2005 U.S. Dist. LEXIS 40319, at *3 n.1 (E.D.N.Y. Sept. 14, 2005) ("declin[ing] to convert the motion into one for summary judgment" where "District Court has broad discretion in determining whether to convert a motion to dismiss into one for summary judgment."); *Liberty Mutual Insurance Co. v. N. Picco & Sons Contracting Co., Inc.*, No. 05 Civ. 217, 2008 U.S. Dist. LEXIS 4915, at *10 (S.D.N.Y. Jan. 18, 2008) ("It is within the discretion of this Court to convert a motion filed under Rule 12(b)(6) into a motion seeking summary judgment. . . ."); *Malaney v. El Al Israel Airlines*, 07 Civ. 8773, 2008 U.S. Dist. LEXIS 1709, at *10 (S.D.N.Y. Jan 4, 2008) ("A district court has discretion to convert a motion to dismiss into a motion for summary judgment. . . ."); *Cassotto v. Potter*, No. 3-07-cv-266, 2007 U.S. Dist. LEXIS 53240, at *2-*3 (D. Conn. July 20, 2007) (refusing to consider documents defendant proffered on motion to dismiss and, therefore, refusing to convert motion to dismiss into motion for summary judgment); *Scope Inc. v. Pataki*, 386 F. Supp. 2d 184, 190 (W.D.N.Y. 2005) ("The Court determines in its discretion, however, not to convert these motions on the pleadings to ones for summary judgment at this time."); *Staveley v. St. Charles Hosp.*, 173 F.R.D. 49, 51 (E.D.N.Y. 1997) ("While the defendant indicates in its reply papers that discovery in this case is complete, the Court in an exercise of its discretion, nevertheless declines to convert this motion to one for summary judgment."); *Patell Indus. Machine Co., Inc. v. Toyoda Machinery U.S.A., Inc.*, No. 93-CV-1572, 1997 U.S. Dist. LEXIS 306, *5-*6 (N.D.N.Y. Jan. 9, 1997) ("The Court, however, declines to convert Defendant's motion to a motion for summary judgment, and therefore will not consider Plaintiff's affidavit in ruling upon the merits of Defendant's Rule 12(c) motion.")

In particular, "in exercising its discretion the court looks to the substance of the

3

motion." *Ansonia Tenants' Coalition, Inc. v. Ansonia Assocs.*, 163 F.R.D. 468, 470 (S.D.N.Y. 1995) (citations omitted) (collecting cases). For instance, "[t]here would be little point in considering a summary judgment motion when significant relevant facts may yet be discovered." *Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd.*, 475 F. Supp. 2d 275, 278 (S.D.N.Y. 2006) ("Although conversion to a summary judgment motion is necessary where a court elects to consider matters outside the pleadings, the decision whether to convert is a matter for the court's discretion. That discretion will not be exercised here. Discovery has not begun yet, as plaintiff itself complains.") (citation omitted).

(2) Dismissal Pursuant to Rule 12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic*, 127 S. Ct. at 1974. The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* Moreover, as plaintiff is appearing pro se, the Court shall "'construe [her complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)); *accord Sharpe v. Conole*, 386 F.3d 483, 484 (2d Cir. 2004).

Further, in connection with a motion to dismiss under Rule 12(b)(6), the Court may only consider "the facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis*, 421 F.3d at 100; *accord Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

(3) Duty of Fair Representation

"'[A] union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith.' *Marquez v. Screen Actors Guild Inc.*, 525 U.S. 33, 44 . . . (1998). '[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational.' *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 . . . (1991) (internal citation and quotation marks omitted." *George v. U.S. Postal Serv.*, No. 06-2217-cv, 2008 U.S. App. LEXIS 3742, at *3 (2d Cir. Feb. 22, 2008); *see also Bishop v. Hotel and Allied Servs. Union Local 758*, No. 04 Civ. 10074, 2008 U.S. Dist. LEXIS 2496, at *10 (S.D.N.Y. Jan. 14, 2008) ("To breach the duty of fair representation, the union's conduct must have been 'arbitrary, discriminatory or in bad faith,' and must have 'seriously undermine[d] the arbitral process.'") (quoting *Mack v. Otis Elevator Co.*, 326 F.3d 116, 129 (2d Cir. 2003)).

B. Application

(1) The Union

Here, in its broad discretion, and under the circumstances of this case, the Court finds that conversion to summary judgment is inappropriate and that further discovery in this case is necessary at this juncture. In particular, with respect to Stephens's claims against the Union, the Union's sole argument in favor of dismissal is that documentary evidence and the declarations of certain parties show that the Union did not breach its duty of fair representation. However, the complaint alleges facts sufficient to survive a motion to dismiss the claims against the Union and the evidence defendants proffer only highlights the necessity for additional discovery. For instance, as stated *supra*, the Settlement Agreement contained a provision that Bayview "agrees to remove the grievant [sic] termination from the employee file." (*See* Settlement Agreement ¶ 3.) However, as the Court also describes *supra*, the complaint alleges that Bayview sent a reference letter to plaintiff's potential employer stating that Stephens had been terminated. Moreover, the complaint alleges that plaintiff asked her union representative to file a grievance on the basis that this reference letter violated the Settlement Agreement, but the representative refused.

The Union does not argue that these facts are insufficient to state a claim for a breach of the duty of fair representation at the motion to dismiss stage. Instead, the Union has produced declarations and documentary evidence to show that Stephens would have been denied employment even if Bayview had not notified the "union work shop" of plaintiff's termination, in order to show that plaintiff suffered no injury justifying arbitration of any breach of the Settlement Agreement. (*See* Union Mem. at 6-7.) However, plaintiff specifically stated in her opposition to defendants' motions that she "called to find out what is happening with my Application and was told that I lied on the Job Application because I was terminate from Bayview Nursing. . . ." (Pl.'s Opp. at 3.) In light of the sufficiency of the complaint under the Rule 12(b)(6) standard, and the factual issues raised by the additional materials defendants have submitted outside the pleadings, the Court finds that dismissal of the claims against the Union is inappropriate at this juncture and that further discovery is warranted to determine whether questions of material fact exist that would warrant a trial. *See Mastykarz*, 2007 U.S. Dist. LEXIS 23196, at *6-*7 (W.D.N.Y. Mar. 23, 2007) (denying union's motion to dismiss hybrid claim for breach of duty of representation because union could not "satisfy its burden . . . without resort to material outside the pleadings" and plaintiff "has not had the opportunity to obtain discovery of the relevant facts and materials in order to attempt to refute the materials set forth by" the union).

(2) Bayview

For similar reasons, the Court finds that additional discovery is warranted with respect to the claims against Bayview. As a threshold matter, the specific factual allegations in the complaint recounted *supra* clearly state a claim for breach of the Settlement Agreement against Bayview sufficient to survive a motion to dismiss. Essentially, Bayview's sole arguments in favor of dismissal are that (1) Stephens's claims against the Union fail, and these claims are a legal prerequisite for a claim against Bayview (Bayview Mem. at 13-14); and (2) any alleged breaches did not injure plaintiff (Bayview Mem. at 15-16). Because Stephens's claims against the Union survive,

5

as discussed *supra*, the Court rejects Bayview's first argument. With respect to the second argument, the issues of plaintiff's injuries or any harm from the alleged brief are factually unresolved at this juncture, as the contentions contained in plaintiff's response brief – as also discussed *supra* – make clear.[1]

IV. CONCLUSION

For the reasons stated above, the Court denies defendants' motions to dismiss the complaint. The parties should continue to proceed with discovery under the direction of Magistrate Judge Tomlinson.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 17, 2008
Central Islip, NY

\* \* \*

Plaintiff appears *pro se*. Defendant Union is represented by Sara Newman, Esq. of Levy Ratner P.C., 80 Eighth Avenue, Eighth Floor, New York, New York, 10011. Defendant Bayview is represented by W. Matthew Groh, Esq. of Naness, Chaiet & Naness, LLC, 375 North Broadway, Suite 208, Jericho, New York, 11753.

---

[1] In its moving papers and at oral argument, counsel for Bayview also argued that the Court should dismiss the complaint on jurisdictional grounds because the National Labor Relations Board (the "NLRB") dismissed Stephens's charges against the Union, in a decision dated December 6, 2006. The Court is aware that the "NLRB has primary jurisdiction over matters unique to labor management relations arising under the [National Labor Relations Act]." *Hotel and Restaurant Employees Union Local 217 v. J.P. Morgan Hotel*, 996 F.2d 561, 564 (2d Cir. 1993). However, Section 301(a) of the National Labor Relations Act states that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act . . . may be brought in any district court of the United States. . . ." 29 U.S.C. § 185(a). In interpreting Section 185(a), the Second Circuit has affirmed that "disputes that arise under a contract may under § 301(a) of the Act be determined in a judicial, rather than administrative, forum." *Hotel and Restaurant Employees Union Local 217*, 996 F.2d at 561 (reversing district court's dismissal of contract claim under § 301 for lack of subject matter jurisdiction). Here, defendants do not dispute that plaintiff's breach of contract claim arises under § 301, (*see* Bayview Mem. at 13), and counsel for Bayview conceded at oral argument that the Court has jurisdiction to hear this case, even though he urged the Court not to do so in its discretion. However, the Court declines to dismiss the complaint on such grounds. *See Abraham & Strauss v. Int's Union of Operating Engineers, Local Union No. 30*, 806 F. Supp. 366, 370 (E.D.N.Y. 1992) ("Where the representational claim concerns a dispute that could also arguably be characterized as contractual, however, the Supreme Court has ruled that a district court may hear the case pursuant to Section 301.").

6