**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
PRECIOUS STEPHENS,

                            Plaintiff,                              **ORDER**

            - against -                                    CV 07-596 (JFB) (AKT)

1199 SEIU, AFL-CIO and BAYVIEW
NURSING AND REHABILITATION
CENTER,

                            Defendants.
-------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

        Before the Court are (1) a letter motion from Defendant Bayview Nursing and

Rehabilitation Center ("Bayview") [DE 60] and (2) a letter motion from Defendant 1199 SEIU

United Healthcare Workers East ("1199 SEIU") [DE 61].  Both Defendants request leave to

depose Plaintiff Precious Stephens before moving for summary judgment.  Plaintiff has

submitted a letter opposing both applications [DE 62].

        In reviewing the docket of this case, I note that when I met with the parties on August 26,

2008, the deposition of non-party witness McCarthy had been taken and all counsel had agreed

that they would proceed with one more deposition, namely, that of an 1199 SEIU Employment

Center employee.  *See* DE 58.  The Civil Conference Minute Order of the August 26, 2009

conference went on to state that

                the parties have agreed to hold Plaintiff's deposition in abeyance at this
                time pending their further discussions after the 1199 SEIU employee is
                deposed.  Defendants also wish to reserve their right to take the
                deposition of witness Iannucci.

*Id*.  The parties were directed to report back to me at the next scheduled conference regarding the SEIU employee deposition and any continuing settlement talks.  At the next conference, Defendants advised that they wished to move forward with summary judgment, but that they wanted to take Plaintiff's deposition first.  Plaintiff's counsel objected and stated that Judge Bianco had narrowed discovery and that the requested deposition was beyond the scope of what Judge Bianco had contemplated.  *See* DE 59.  Since the parties were privy to information that I did not have based on the depositions and the appearance before Judge Bianco, I informed them that I was not prepared to orally rule on the request at that time and further advised that Defendants should submit a letter motion explaining why they should be permitted to exceed what appeared to be the limited bounds set by Judge Bianco.

Defendants rely on information obtained at the deposition of Joanne McCarthy, a Vice President of Defendant 1199 SEIU, who testified that Plaintiff told her that Plaintiff had submitted the settlement agreement – a key document in relation to the underlying charges in this case  – to the Unemployment Board and "told them that she was terminated and why."  DE 60 (citing transcript of the McCarthy Deposition at pages 115-16).  Defendants therefore wish to depose Plaintiff to determine what information she supplied to the Unemployment Board in connection with her application and what statements she made to the Unemployment representative who interviewed her.  Defendants maintain that this information is relevant not only to the issue of liability but also to Plaintiff's claim for damages.  *See* DE 61.  The Court concurs.

Rule 30 of the Federal Rules of Civil Procedure provides that " . . . [a] party may, by oral questions, depose any person, including a party, without leave of court, except as provided in

Rule 30(a)(2)."  Further, as to the scope of discovery, Rule 26(b)(1) provides that ". . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ."  Clearly, the information sought here is relevant to the defenses asserted by both Defendants.  In addition to the Rules contemplating such discovery, fundamental fairness requires that Defendants be permitted to take Plaintiff's deposition in these circumstances.  *See Equal Employment Opportunity Commission v. Greater Metroplex Interiors, Inc.*, No. 3-08-CV-1362 P, 2009 WL  412934, at * 2 (N.D. Tex. Feb. 17, 2009) (where EEOC is a party, it must present itself for deposition under Rule 30(a)(1)); *Fausto v. Credigy Services Corp*., No. C 07 5658 JW, 2008 WL 4793467, at * 1 (N.D. Cal. 2008) ("Rule 30(a)(1) provides that a party may depose 'any person' and there is therefore no express prohibition against deposing an attorney of record in a case."); *McClenton v. Walker*, No. 06-2033, 2008 WL 345533, at * 4  (despite proper notice, plaintiff refused to participate in his deposition; court held deposition proper under Rule 30 (a)(1), found plaintiff subject to sanctions under Rule 37 (d) ["party's failure to attend its own deposition] and dismissed case).

In addition to reviewing the attorneys' written submissions, I also went back and reviewed the minutes of the parties' appearance before Judge Bianco, which minutes appear as entry no. 54 in the docket.  There is nothing in the colloquy between Judge Bianco and the parties which would preclude Plaintiff's deposition.  Nor is there anything inconsistent with Judge Bianco's admonition that discovery would be limited and the instant determination that Plaintiff's deposition is permitted.  In light of the information obtained through the other depositions taken in this case, Plaintiff's deposition is clearly warranted.

For these reasons, the letter motions of Defendants Bayview and 1199 SEIU are GRANTED. The parties are directed to confer expeditiously to arrange a date so that Plaintiff's deposition is completed no later than September 30, 2009. It is the Court's understanding that no further discovery remains to be completed. If any party believes to the contrary, counsel is to advise the Court via ECF no later than September 1, 2009.

A modified Case Management and Scheduling Order setting forth the deadlines for completion of the pre-trial phase of this case will be entered separately.

**SO ORDERED.**

Dated: Central Islip, New York
         August 19, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge