# DANIEL F. DE VITA
### Attorney at Law
377 Oak Street, Suite 310
Garden City, New York 11530

Tel.: (516) 622-7575     devitalaw@optonline.net     Fax: (516) 622-7577

November 13, 2009

Hon. A. Kathleen Tomlinson
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re:    Precious Stephens v. Bayview Nursing Home & 199 SEIU
       Civil Action No. Cv-07-0596 (JFB)(AKT)

Dear Judge Tomlinson:

This letter is in support of the telephonic deposition of plaintiff Stephens. As the Court is aware, Ms. Stephens was deported earlier this year and now resides in Jamaica. She is destitute and cannot afford to bear the costs of her own deposition. Nor should she.

Ms. Stephens represented herself *pro se* until the undersigned was appointed to represent her *pro bono*. There is no question that Ms. Stephens properly instituted this action and invoked the jurisdiction of this Court. There is also no question she had standing and that, having withstood a motion to dismiss, there is a case or controversy under Federal law. Moreover, her immigration status is not relevant and cannot be inquired into in discovery. *Avila-Blum v. Casa De Cambio Delgado Inc.*, 236 F.R.D. 190 (S.D.N.Y. 2006).

Federal Rule of Civil Procedure 30(b)(4) anticipates the propriety of telephone depositions, and Local Rule 30.3 provides that the motion of a party to take the deposition of an adverse party by telephone will *presumptively* be granted. A plaintiff residing abroad is not necessarily required to be in the host forum for the deposition. *Normande v. Grippo*, 2002 WL 59427 (S.D.N.Y. 2002). In *Normande*, the plaintiff proceeded *pro se* and resided in Brazil. The Court stated that where a plaintiff can show a financial or other hardship, a telephone deposition would be permitted. *Accord Advani Enterprises, Inc. v. Underwriters at Lloyds*, 2000 WL 1568255 (S.D.N.Y. 2000).

Assuming compliance with Federal Rule of Civil Procedure 28(b), the plaintiff respectfully requests that the Court permit a telephonic deposition with the costs to be borne by defendants.

Very truly yours,

Daniel F. De Vita (DD 9065)

cc:    W. Matthew Groh, Esq.
       Micah Wissinger, Esq.