# NANESS, CHAIET & NANESS, LLC

Attorneys at Law
375 North Broadway, Suite 202
Jericho, New York 11753
Telephone: (516) 827-4300
Facsimile: (516) 827-0202

Richard M. Naness
Clifford P. Chaiet
Jeffrey N. Naness*

W. Matthew Groh**

*Also admitted FL and NJ
**Also admitted in CT

November 13, 2009

**VIA ECF**

Magistrate Judge A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    Precious Stephens v. 1199 SEIU, AFL-CIO and Bayview Nursing and Rehab Center
            **Case No. CV-07-0596(JFB)(AKT)**

Dear Magistrate Judge Tomlinson:

      This office represents Defendant Bayview Nursing and Rehab Center ("Defendant Bayview") in the above-referenced matter. We write pursuant to the October 22, 2009 civil conference minute order, providing the parties the opportunity to submit letter briefs regarding the means of taking the Plaintiff's deposition. For the reasons discussed herein, the deposition of Plaintiff should be recorded by audiovisual means, at the expense of the Plaintiff.

      A.    Location

      The Court has discretion over the location of depositions. Generally, plaintiffs are required to travel to the district where the suit is pending for their deposition. U.S. v. Rock Springs Vista Development, 185 F.R.D. 603 (D. Nev. 1999) (wheelchair bound out of state plaintiffs required to travel to the forum of the suit for their depositions); Dollar Systems, Inc. v. Tomlin, 102 F.R.D. 93 (M.D. Tenn. 1984). In this case, due to Plaintiff's deportation, she is unable to appear for her deposition in the proper forum, the Eastern District of New York. Since Plaintiff is unable to appear in the EDNY due to her own conduct and through no fault of defendants, and for the other reasons discussed herein, an audiovisual deposition at her expense is appropriate.

      B.    Means

      The Federal Rules of Civil Procedure were recently amended, effective December 1, 2007, "to make them more easily understood." Fed.R.Civ.P. Rule 30 advisory committee's note to 2007 Amendments. Rule 30, which governs depositions, was amended and certain of its

subparts were re-numbered. Rule 30(b)(3)(A) now provides that "[u]nless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means." Accordingly, unless the court orders otherwise, a party may videotape a deposition as a matter of right, as long as notice is given of the party's intention to do so. Stern v. Cosby, 529 F. Supp.2d 417, 419-20 (S.D.N.Y. 2007).[1]

As explained in Flaherty v. Seroussi, 209 F.R.D. 295 (N.D.N.Y. 2001), interpreting the prior version of the rule:

> Rule 30(b)(2) of the Federal Rules of Civil Procedure permits a party to specify video recording as a means of recording a deponent's testimony, and no court order permitting videotaping is required. [] Under Rule 30(b)(2), a party is not required to justify a decision to videotape a deposition, and ordinarily may freely do so absent a court order to the contrary. [] The liberalization of the Federal Rules of Civil Procedure to more fully permit videotape recording of depositions reflects a belief that the use of such technology enhances parties' presentation at trial, particularly before juries, of deposition testimony which historically was limited in form to "readings from cold, printed records."

209 F.R.D. 295, 297 n. 4 (internal citations omitted). The Flaherty Court thus ruled in favor of a sound-and-visual recording of the defendant's deposition, either as an alternative to or in tandem with a deposition transcript prepared through stenographic means. Id.

The many reasons supporting use of video depositions are set forth in an excellent law review article penned prior to the recent 2007 amendment. Please see Rebecca White Berch, *A Proposal to Amend Rule 30(B) of the Federal Rules of Civil Procedure: Cross-Disciplinary and Empirical Evidence Supporting Presumptive Use of Video To Record Depositions*, 59 Fordham L. Rev. 347 (1990) (hereinafter "the Berch article" or "59 FDMLR 347, at _____."), a copy of which is being provided as Exhibit "A" to this letter brief. As explained therein, whenever spoken words are transcribed, some part of the communication is lost because speakers use more than words to communicate - people communicate as much with their bodies as they do with their voice. "The absence of non-verbal communicative features from a deposition increases the likelihood that the deposition does not accurately represent the deponent's communication . . . and videotaped depositions are inherently more accurate and trustworthy" than other forms of recorded depositions. 59 FDMLR 347, at 349. In fact, visual communications such as facial expressions, body posture, eye contact, and other gestures such as touching one's face, hair, clothing or jewelry reveal a witness's emotions, attitudes and predispositions that are absent when a deposition is transcribed or audio taped. 59 FDMLR 347, at 347, 354, 361. Another important factor is the impact that visual and paralinguistic communications have on a juror's ability to assess a witness's credibility and truthfulness. Please see 59 FDMLR 347, at 362-66, 368-71 (discussing the fact that audiotape does not pick up conduct that could illustrate many things including being uncomfortable with answering a question). Defendants should also be permitted the opportunity to see what documents are present in the room with Plaintiff, what

---

[1] In this case, Defendant Bayview served its Notice of Deposition prior to learning that Plaintiff was unavailable to be deposed in person. If the Court so requires, Defendant Bayview is agreeable to serving a new Notice of Deposition indicating recording by audiovisual means.

NANESS, CHAIET & NANESS, LLC

documents she is viewing when answering questions, if any, and whether Plaintiff is reviewing the correct exhibits and pages of those exhibits when asked questions about them.

Furthermore, given Plaintiff's immigration status, there is a significant likelihood that Plaintiff will not be able to appear at trial. In situations where there is a high risk of a plaintiff's unavailability at trial, video depositions are the preferable way to preserve one's deposition testimony. See, e.g., In re "Agent Orange" Product Liability Litigation, 1980 WL 324478, at *2 (E.D.N.Y.,1980) (taking the plaintiff's deposition by ordinary stenographic methods (or, in this case, by audiotape) would deprive the court and the jury of the opportunity to judge the demeanor of the deponent; the finder of fact at trial often will gain greater insight from the manner in which an answer is delivered and recorded by audiovisual devices). In addition, since it is very likely that Plaintiff's appearance at trial will be through video conferencing methods, playing her video deposition back during trial and then asking questions about such previous testimony will be much more cohesive and efficient than trying to direct a person located in a remote room to pages and lines of deposition transcripts and then questioning her about same.

C. Cost

While the party noticing a videotaped deposition usually bears the expense, the Court has discretion to order otherwise. In this case, had Plaintiff not been deported due to felony convictions, Defendants would have been able to take her deposition in person on Long Island and counsel would have thus been able to observe her conduct, making a videotaped deposition unnecessary. Because Plaintiff is not permitted to return to this jurisdiction, however, to be observed in person during her deposition, and because of the other reasons stated herein, Plaintiff should have to bear the cost of an audiovisual deposition that will best preserve the evidence for presentation at a trial.

D. Conclusion

In sum, videotaped depositions are more interesting, accurate and effective than stenographically and audio taped depositions. Due to this simple fact and the numerous reasons stated herein, while Defendant Bayview is willing to pay for its share of what a deposition transcript prepared through stenographic means would normally cost in New York, Plaintiff should be ordered to (i) be simultaneously deposed by audiovisual means, (ii) pay any increase in costs related to the location and means of taking her deposition by audiovisual means, (iii) pay any increase in cost due to being located in Jamaica in connection with the stenographic taking of the deposition, and (iv) comply with such other and further relief as this Court deems just and proper.

Very truly yours,

W. Matthew Groh (WG4937)

cc: Daniel F. DeVita, Esq. (via ECF and facsimile to 516-622-7577)
David M. Slutsky, Esq. (via ECF and facsimile to 212-627-8182)