**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
PRECIOUS STEPHENS,

                                Plaintiff,

            - against -

1199 SEIU, AFL-CIO and BAYVIEW NURSING
AND REHABILITATION CENTER,

                              Defendants.
-------------------------------------------------------------X

**ORDER**

CV 07-0596 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Pending before the Court is Plaintiff Precious Stephens' letter application requesting that the Court permit her deposition to be conducted telephonically, with the costs borne by the Defendants. *See* DE 71. Both Defendants 1199 SEIU, AFL-CIO ("1199 SEIU") and Bayview Nursing and Rehabilitation Center ("Bayview") oppose the scheduling of any telephonic deposition of the Plaintiff. *See* DE 70, 72. However, in light of the current circumstances, Defendant Bayview proposes that an audiovisual deposition of the Plaintiff be conducted, at her expense. In any event, Defendant 1199 SEIU requests that should the Court allow a telephonic deposition, Plaintiff should bear the cost of the deposition and not permit its use at trial. For the foregoing reasons, Plaintiff's application is GRANTED in part, to the extent described below.

**II.     BACKGROUND**

The Plaintiff was deported back to Jamaica sometime in April 2009. The Court was subsequently informed of this information in September 2009 by Plaintiff's appointed counsel. In light of this information, the Court scheduled a Status Conference for October 22, 2009. At this Conference, Plaintiff's counsel indicated that he sought to have Plaintiff's deposition conducted by telephone. Defendants, however, objected to a telephonic deposition. After counsel for the parties stated that they had case law to support their respective positions, they were directed to provide their written submissions to the Court by November 13, 2009. *See* DE 69.

Plaintiff argues that both Fed. R. Civ. P. 30(b)(4) and Local Civ. R. 30.3 support having a plaintiff, residing outside the host forum, be deposed by telephone. In conjunction with the procedural rules, Plaintiff maintains that the case law makes it clear that a plaintiff residing abroad is not required to be in the host forum for the deposition if a financial or other hardship can be shown.

Defendants, on the other hand, both argue against a telephonic deposition, asserting that counsel will not have an opportunity to see Plaintiff's demeanor during the deposition and will not be able to see what documents are present while questions are being answered. Further, in light of the statements by Plaintiff's counsel that he intends to treat the examination as a trial preservation deposition for subsequent use at trial, Defendants maintain that a telephonic deposition would not be appropriate.

**III.    LEGAL STANDARD**

Although as a general practice, a Plaintiff is deposed in the forum where the action was brought, there is "no absolute rule as to the location of the deposition of a nonresident plaintiff." *Normande v. Grippo*, No. 01 CIV 7441, 2002 WL 59427, at *1 (S.D.N.Y. Jan. 16, 2002). In fact, Federal Rule 30(b)(4) states that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."[1]

Despite providing alternatives to the customary in-person deposition in the forum where the action is pending, Rule 30(b)(4) does not provide the standard by which to evaluate such motions. *See Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011). Previous courts in this District have sometimes ordered "that depositions of the plaintiff [ ] be conducted by telephone where the plaintiff is physically or financially unable to come to the forum." *Gerasimenko*, 272 F.R.D. at 387; *see also Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 940 (S.D.N.Y. 1984) (denying plaintiff's request to have his deposition taken by telephone "absent extreme hardship"). However, other courts have found that a showing of hardship is not necessary to allow telephonic depositions to occur. *See Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 397-98 (S.D.N.Y. 2006); *Advani Enters., Inc. v. Underwriters at Lloyds*, No. 95 Civ. 4864, 2000 WL 1568255, at *2 (S.D.N.Y. 2000). Nevertheless, the ultimate determination is left to the discretion of the court after a careful balancing of the claims of prejudice and

---

[1]    In addition, Local Civ. R. 30.3 provides that "the motion of a party to take the deposition of an adverse party by telephone will presumptively be granted." However, the Court notes that the plain language of this Rule states that it is the motion of the party seeking the deposition by telephone which will be presumptively granted, not the deponent's motion (as is the instant case).

3

hardship have been weighted. *Gerasimenko*, 272 F.R.D. at 387; *Normande*, 2002 WL 59427, at *1.

IV.  **DISCUSSION**

Plaintiff's reasoning for having her deposition conducted telephonically appears to be twofold: (1) she is destitute; and (2) she has been deported to Jamaica. Although this Court has little doubt that Plaintiff is experiencing real financial difficulty, no evidence has been introduced to support her assertion of being destitute. With nothing more than a verbal representation that Plaintiff is "destitute and cannot afford to bear the costs of her own deposition," the Court is not in a position to find that her financial situation is a basis to allow her deposition to be conducted by telephone. *See Clem*, 102 F.R.D. at 940 (finding no extreme hardship where plaintiff had not sufficiently detailed his financial position). However, in light of Plaintiff's deportation, the Court is still faced with the unequivocal fact that Plaintiff is physically unable to come to the forum for her deposition. Although Defendants' concern about not being able to see Plaintiff's demeanor or observe what documents are present and being reviewed are valid factors considered by previous courts, they are not uncommon problems which exist with every telephone deposition. Denying a plaintiff's request based on such an argument would in effect be "tantamount to repealing [Fed. R. Civ P. 30(b)(4).][2]" *Normande*, 2002 WL 59427, at *2; *accord Advani Enters., Inc. v. Underwriters At Lloyds*, No. 95 Civ. 4864, 2000 WL 1568255, at *2 (S.D.N.Y. 2000). Therefore, the Court finds that the circumstances of this case support taking the Plaintiff's deposition by telephone.

---

[2]  The current language of Fed. R. Civ. P. 30(b)(4) was previously captured under former Rule 30(b)(7).

4

The realities of this case, however, warrant further discussion. There is no reason to believe that Plaintiff's ability to appear at the time of trial will be any different from the present circumstances. As such, an issue has arisen as to whether Plaintiff's telephonic deposition can also serve as a trial-preservation deposition in the event Plaintiff is unable to return to New York and be present for trial. A telephonic deposition of the Plaintiff, although permissible in and of itself, cannot be used for trial preservation purposes in this case. In those cases where a court permitted telephonic depositions, the courts also built in safeguards for trial. For example, the court in *Normande*, which allowed the plaintiff to be deposed by telephone, noted the following:

> although depositions are frequently read to jurors when witnesses are unavailable, this is not a case where the finder of fact will be deprived of the benefit of observing the deponent's demeanor. Plaintiff will be required to be at the trial of this action.

*Normande*, 2002 WL 59427, at *2. In addition, in *Anguile v. Gerhart*, No. Civ. 93-934, 1993 WL 414665 (D.N.J. 1993), although the court allowed plaintiff's deposition to be conducted by telephone, the court "required the plaintiff to also be deposed in the forum forty-eight hours before commencement of trial." *Anguile*, 1993 WL 414665, at *3. In so finding, the *Anguile* court reasoned that "counsel's ability to see the plaintiff and judge her demeanor is important in this case where the plaintiff is the key witness to most of the relevant facts." *Id.* The courts which have permitted a deposition to be conducted telephonically when the Plaintiff was out of the jurisdiction, conditioned such authorization on the plaintiff being present at trial. Producing the Plaintiff's testimony at trial solely by playing a telephonic deposition here would prejudice the Defendants.

5

As such, if it is Plaintiff's intention to treat her upcoming deposition as a trial-preservation deposition and to offer that testimony in place of live testimony, the Court directs that the deposition be conducted by video-conference and that the deposition be taped. Even if that is the case, the decision whether a video-conferenced/videotaped deposition will be permitted at trial in lieu of live testimony will be made by Judge Bianco. Counsel may reasonably seek Judge Bianco's guidance on this issue prior to taking the deposition. In either instance, the cost of conducting the deposition by telephone or by video-conference shall be borne by the Plaintiff.[3] *See Normande*, 2002 WL 59427, at *2 ("Plaintiff will be required to bear the expense of the telephone deposition and must also make arrangements to be sworn by an individual who is authorized to administer oaths in Brazil."); *Anguile*, 1993 WL 414665, at *3 ("Having commenced this action, plaintiff cannot dispute that she has an obligation to provide discovery in the form of a deposition. Nor can plaintiff visit the expense of the deposition upon defendant, for she is the one who asserts the claims. Thus, the cost of the telephonic deposition shall be the responsibility of plaintiff."). Further, it is the Plaintiff's obligation to ensure that an individual authorized to administer oaths in Jamaica is present at the time of the deposition to administer the oath to the Plaintiff. If the Defendants intend to introduce documents/exhibits at the deposition, then Defendants' counsel bear the responsibility for making arrangements to have

---

[3]  If it is not the Plaintiff's intention to treat her upcoming deposition as a trial-preservation deposition and Defendants still wish to view Plaintiff during the deposition, Defendants may make arrangements to have the deposition conducted by video-conference, at their own expense. *See Gerasimenko*, 272 F.R.D. at 389 n.4; *see also Zito*, 233 F.R.D. at 398 ("[T]o the extent that the defendants consider it important to view the demeanor of such a plaintiff during a deposition, the defendants may conduct the examination by video-conference provided that they bear the expense and make arrangements for the plaintiff to appear within 50 miles of the plaintiff's residence.").

such exhibits available at the location and time of the deposition in Jamaica. Likewise, if Plaintiff's counsel intends to ask questions of the Plaintiff at that time, he must provide proper written notice to Defendants' counsel in advance of the examination.

## V. CONCLUSION

For the reasons set forth above, the Plaintiff's motion to have her deposition conducted telephonically is hereby GRANTED in part, to the following extent: (A) Plaintiff's deposition can be taken telephonically now, but Plaintiff must appear and be deposed in the Eastern District of New York 48 hours before the trial begins (in this instance, the Defendants are free to video-conference the proximate deposition, at their expense); *or* (B) if the Plaintiff intends to treat the upcoming deposition as a trial-preservation deposition, than the deposition must be conducted by video-conference and Plaintiff's counsel must take steps to ensure that the deposition is taped. In either instance, the costs for conducting the deposition will be borne by the Plaintiff and it will be the Plaintiff's obligation to ensure that the deposition complies with the requirements of Fed. R. Civ. P. 28(b). Because Plaintiff's counsel is appointed, he may make an application to Judge Bianco seeking the monies necessary to complete Plaintiff's deposition from the Court fund which may cover such expenses.

**SO ORDERED.**

Dated: Central Islip, New York
July 19, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge