# Daniel F. De Vita
### Attorney at Law
377 Oak Street, Suite 203
Garden City, New York 11530

Tel.: (516) 622-7575    devitalaw@optonline.net    Fax: (516) 622-7577

January 25, 2012

Honorable Joseph F. Bianco
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  Stephens v. 1199 SEIU, AFL-CIO and Bayview Nursing and Rehabilitation Center
     CivilAction No. CV-07-0596 (JFB) (AKT)

Dear Judge Bianco:

I was appointed by the Court and represent *pro bono* the plaintiff Precious Stephens in the above-referenced matter. Pursuant to the Court's Order dated January 12, 2012, this letter is to provide a status of the case.

Plaintiff was deported to Jamaica sometime in April 1999. The undersigned sought by motion to have her deposed by telephone to preserve her testimony for trial. Defendants opposed the motion.

On July 19, 2011, Magistrate Judge Tomlinson entered an Order granting in part plaintiff's motion to have her deposition conducted telephonically. Specifically, the Order stated, *inter alia*, that a telephone deposition would be permitted but plaintiff would have to present herself for deposition in Court 48 hours prior to trial. Alternatively, if plaintiff intended to use deposition testimony as trial testimony in anticipation of plaintiff not being able to attend trial in person, then a video-recorded deposition conforming with Federal Rule of Civil Procedure 28(b) would be required. The Magistrate Judge further ordered that documents to be used at deposition be made available at the location of the deposition so they are available at the time of the deposition.

Magistrate Judge Tomlinson also stated that "the decision whether a video-conferenced/videotaped deposition will be permitted at trial in lieu of live testimony will be made by Judge Bianco." Consequently, the undersigned asks the Court to rule on this issue prior to the parties going through the time and expense of such a deposition. I have spoken with Ms. Stephens today and she informs me that she is hopeful she will be able to return to the United States. Her basis for this hope is that her daughter intends to file for citizenship very soon, and that, once a citizen, her daughter will then be able to get permission for Ms. Stephens to return. As I am not an Immigration attorney and am unfamiliar with the law in this area, I cannot advocate on the likelihood of this occurring or the timeframe in which this might occur. I am unaware of any other legal basis for her return. Consequently, I believe that the only way to

Hon. Joseph F. Bianco
January 25, 2012
Page Two

preserve Ms. Stephens's testimony for trial is by video recording. Since Magistrate Judge Tomlinson precluded the use of a telephone deposition as trial testimony, I do not believe there is any viable alternative to video deposition.

Furthermore, although the Magistrate Judge stated that plaintiff is to bear the costs of the deposition, the Order also stated: "Because Plaintiff's counsel is appointed, he may make an application to Judge Bianco seeking the monies necessary to complete Plaintiff's deposition from the Court fund which may cover such expenses." Please consider this letter such an application. Again, I have spoken to Ms. Stephens today and she informs me that she is unemployed in Jamaica and cannot bear any of the expenses, detailed below, of a deposition. Moreover, as a solo practitioner, I cannot bear the expenses either. When I accepted appointment on this case, I had no idea that Ms. Stephens was here illegally and that she would be deported from the country. While I have zealously represented Ms. Stephens at every turn, I would never have accepted the appointment had I been aware I would have to litigate this case internationally and bear the expenses.

I have sought assistance from Excel Reporting, professional court reporters I have known and trusted for years. After much investigation and legwork, they have informed me that a video-recorded deposition would incur the following expenses:

The office we would have to use in New York is in Garden City and would cost $250/hour. In addition, the office in Kingston, Jamaica where the plaintiff and the transmission equipment and technical personnel would be costs an additional $350/hour. This combined $600 per hour includes having the technicians who would secure the technology and hook-up necessary for the video deposition at both ends. There is also a charge of $35/hour for providing the video by computer and having one copy made on DVD. If it turns out that this technology does not work for some reason, a separate videographer would use a camera to record the computer-transmitted images at a charge of $300 for the first hour and $95 per hour after the first. In addition to the foregoing, court reporter fees are $4.25 per page for the original plus two copies, $2.00 per page for extra copies, $35 appearance fee, and $14.50 postage and handling. As a result, the expenses could run as high as $12,600 for three days (7 hours per day) of office use and technicians; $735 for one copy of DVD; if a videographer was used, that would add an additional $1900 over three days. Plus, court reporter fees could easily amount to well over $1000.

Moreover, we need to book the days of the deposition beforehand so that the technicians can test the connections. I have spoken with the other counsel in this case and the tentative dates we have agreed upon are either March 28, 29, 30, 2012 or April 17, 18, 19, 2012. The attorneys agree that questioning by all attorneys may indeed take more than one day and decided to reserve three days in our schedules out of caution. Moreover, cancellation fees are involved. In addition, if the dates change, depending on the new dates, the room fees might be higher.

Therefore, the undersigned seeks approval of the Court for the following:

Hon. Joseph F. Bianco
January 25, 2012
Page Three

1. Approving the video-deposition of Ms. Stephens and its use at trial in place of her live testimony;

2. Approving the costs as outlined above;

3. The costs in their entirety will be paid from the Court fund.

Thank you for your attention to this matter.

Very truly yours,

Daniel F. De Vita (DD 9065)

cc:  Ms. Precious Stephens
Block 25D, Apt. 375 McIntyre Villa
Kingston 16, Jamaica WI

W. Matthew Groh, Esq.
Naness, Chaiet & Naness, LLC
Attorneys for Defendant Bayview
Nursing and Rehabilitation Center
375 North Broadway, Suite 202
Jericho, New York 11753
(516) 827-4300

David Slutsky, Esq.
Levy Ratner, P.C.
Attorneys for Defendant 1199SEIU,
United Healthcare Workers East
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100